IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| v. | : | |
| COREY CRAWFORD | : | NO. 10-59-4 |

MEMORANDUM

Bartle, J.                                                 August 8th, 2023

The court has before it the motion of defendant Corey Crawford, acting pro se, for compassionate release under 18 U.S.C. § 3582(c)(1)(A).

I

On November 15, 2011, a jury convicted Crawford of: conspiracy to commit robbery which interferes with interstate commerce under 18 U.S.C. § 1951(a); three counts of robbery which interferes with interstate commerce and aiding and abetting under 18 U.S.C. §§ 1951(a), 2; and two counts of carrying and using a firearm during and in relation to a crime of violence and aiding and abetting under 18 U.S.C. §§ 924(c), § 2.

The court sentenced Crawford on June 7, 2011 to a term of imprisonment of 505 months followed by a five-year period of supervised release. Our Court of Appeals affirmed Crawford's conviction. See United States v. Crawford, 498 F. App'x 163 (3d Cir. 2012). He has a pending 28 U.S.C. § 2255 motion on the

Case 2:10-cr-00059-HB   Document 323   Filed 08/08/23   Page 2 of 9

issue of whether robbery is a crime of violence predicate for his 924(c) charge.

Crawford is currently serving his sentence at a Federal Correctional Institution in Hazelton, Pennsylvania with an anticipated release date of December 15, 2045.  He has served approximately 166 months of his sentence and has accrued 17 months of credit for good conduct time.

## II

Crawford's motion for compassionate release relies on 18 U.S.C. § 3582(c)(1)(A) as amended by the First Step Act.  Section 3582(c)(1)(A)(i) provides that a court may order compassionate release for "extraordinary and compelling reasons" but only if the reduction in sentence is "consistent with applicable policy statements of the Sentencing Commission":

> The court may not modify a term of imprisonment once it has been imposed except that—
> (1)  in any case—
>     (A)  the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a)

-2-

>     to the extent that they are applicable,
>     if it finds that—
>         (i)  extraordinary and
>         compelling reasons warrant such
>         a reduction
>         ...
>
>     and that such reduction is consistent
>     with applicable policy statements issued
>     by the Sentencing Commission.[1]

Congress has also enacted 28 U.S.C. § 994(t) which provides the following:

>     The Commission, in promulgating general
>     policy statements regarding the sentencing
>     modification provisions in section
>     3582(c)(1)(A) of title 18, shall describe
>     what should be considered extraordinary and
>     compelling reasons for sentence reduction,
>     including the criteria to be applied and a
>     list of specific examples. Rehabilitation of
>     the defendant alone shall not be considered
>     an extraordinary and compelling reason.

The application note 1(A) of section 1B1.13 of the Sentencing Guidelines explains that "extraordinary and compelling reasons" exist if the defendant is (1) "suffering from a terminal illness" including among others "advanced dementia"; "suffering from a serious physical or medical condition"; (3) "suffering from a serious functional or cognitive impairment"; or (4) "experiencing deteriorating physical or mental health because of the aging process." The latter three grounds also

---

1.  The Government concedes that Crawford has met the administrative exhaustion requirements under 18 U.S.C. § 3582(c)(1)(A).

-3-

require that the impairment "substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover."

Our Court of Appeals held in United States v. Andrews that a district court is not bound by the Sentencing Commission's policy statement in determining what is an extraordinary and compelling reason.  12 F.4th 255 (3d Cir. 2021). Still, the court may look to the policy statement as a guide, even if it is not ultimately binding. Id. at 260.

The Court explained that a court may grant a motion for compassionate release if it finds that a sentence reduction is:  "(1) warranted by 'extraordinary and compelling reasons'; (2) 'consistent with applicable policy statements issued by the Sentencing Commission'; and (3) supported by the traditional sentencing factors under 18 U.S.C. § 3553(a), to the extent they are applicable."  Id. at 258 (quoting 18 U.S.C. § 3582(c)(1)(A)).

III

Crawford argues that the length of his sentence-- 505-months or 42 years and one month--constitutes extraordinary and compelling circumstances warranting a sentence reduction under § 3582(c)(1)(A).  He avers that he would be sentenced to a

term of imprisonment between 14 to 24 years if he were sentenced today due to the passage of the First Step Act in 2018.

Our Court of Appeals, however, has made clear that "[t]he duration of a lawfully imposed sentence does not create an extraordinary or compelling circumstance. 'There is nothing "extraordinary" about leaving untouched the exact penalties that Congress prescribed and that a district court imposed for particular violations of a statute.'" Id. at 260-61 (quoting United States v. Thacker, 4 F.4th 569, 574 (7th Cir. 2021)). The Court further explained that "considering the length of a statutorily mandated sentence as a reason for modifying a sentence would infringe on Congress's authority to set penalties." Id. at 261. Crawford's 505-month sentence was lawful when imposed and cannot serve as an extraordinary and compelling reason for compassionate release.

Neither can the intervening changes in sentencing law that were not made retroactive be an extraordinary and compelling reason for release. While the First Step Act of 2018 changed the sentencing landscape for § 924(c) offenses, it did not make those changes retroactive. See Pub. L. No. 115-391, § 403 (2018). Our Court of Appeals in Andrews explained that "[i]n passing the First Step Act, Congress specifically decided that the changes to the § 924(c) mandatory minimums would not apply to people who had already been sentenced" and that "we

will not construe Congress's nonretroactivity directive as simultaneously creating an extraordinary and compelling reason for early release." 12 F.4th at 261. What Crawford's sentence would be if he were sentenced today is not a relevant consideration.

Our Court of Appeals has foreclosed finding an extraordinary and compelling reason based on the duration of a lawfully imposed sentence or subsequent non-retroactive changes to the sentencing law.[2] See Andrews, 12 F. 4th at 260-61. Accordingly, Crawford has not presented an extraordinary and compelling reason for a sentence reduction.

IV

Crawford also seeks compassionate release due to his need for medical treatment for his left eye. His eye and vision issues include blindness in his left eye as well as macular cyst, open-angle glaucoma, and retinal detachment. As a result, an ophthalmologist recommended that Crawford's left eye be removed. Although the Federal Bureau of Prisons determined that the surgery was urgent and aimed to have it completed on April

---

2.  On April 27, 2023, the Sentencing Commission promulgated proposed amendments to the compassionate release guidelines which include a provision allowing consideration for release of a person who has served more than 10 years in custody and whose sentence would be significantly different under current law. If the amendment goes into effect, Crawford could file a new motion for compassionate release.

12, 2023, Crawford at the time he filed the pending motion had not yet been given an appointment with an offsite physician for the procedure.  Concerned about the delay, the court entered an order requiring the Government to file a written report stating when it intended to schedule defendant for eye surgery.  The Government notified the court that the defendant now has an appointment with a physician scheduled for early September.

The court will assume that the Bureau of Prisons will now act with appropriate dispatch to deal with defendant's eye issue.  Under the present circumstances, Crawford's medical condition does not constitute an "extraordinary and compelling reason" for release.

V

In addition to considering whether extraordinary and compelling circumstances warrant release, the court must also address whether release is appropriate under the factors set forth in 18 U.S.C. § 3553(a).  Those factors include the need to "reflect the nature and circumstances of the offense and the history and characteristics of the defendant," "reflect the seriousness of the offense," "promote respect of the law, "afford adequate deterrence to criminal conduct," and "provide the defendant with educational or vocational training, medical care, or other correctional treatment in the most effective manner."

Crawford contends that his disciplinary record shows that he is not a danger to the community. In addition, he points to his time spent working and participating in educational programs as evidence of his rehabilitation. Crawford maintains that he has strong family ties and opportunities to contribute to society through public speaking engagements after his release. Finally, he acknowledges the seriousness of his offenses and expresses remorse for his actions.

The court finds that § 3553(a) factors nonetheless weigh against Crawford's release at this time. Although Crawford claims he has gone over five years without an infraction, the Government counters that he had several drug and alcohol offenses as well as a dangerous weapon infraction as recently as 2021. Even if the court accepts Crawford's representation that he has stayed out of trouble in prison and participated in rehabilitative programs, that factor does not allow for his release. Under 28 U.S.C. § 994(t), Congress has made it clear: "[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason" for compassionate release.

In any event, Crawford's rehabilitation does not outweigh other § 3553(a) factors which support the need for him to serve the sentence imposed. The extreme seriousness of

-8-

Crawford's offense cannot be denied.  He played an integral role as part of a group of co-conspirators who engaged in a series of violent robberies.  Releasing him now would not appropriately reflect the nature and circumstances of his offenses, promote just punishment, or afford adequate deterrence to criminal conduct.  See § 3553(a).

VI

The court, taking all the relevant facts and arguments for a reduction in sentence into account, finds that Crawford has not met his burden in establishing an extraordinary and compelling reason that warrants his release under § 3582(c)(1)(A).  Accordingly, the court will deny the motion of Crawford for compassionate release and a reduction in sentence.